## Hutchcraft v. Commonwealth.

(Decided June 23, 1922.)

### Appeal from Fulton Circuit Court

1. Indictment and Information—Requisites and Sufficiency—Housebreaking.—An indictment for the statutory crime of housebreaking, as denounced by section 1162 of the statutes, which in its accusatory part charges defendant "of the crime of breaking into a dwelling house of C. L. Walker committed in the manner and form as follows, to-wit," etc., and in the descriptive part charges the necessary felonious intent and that the certain described property was taken from the house with the necessary criminal intent, sufficiently complied with the provisions of sections 122 and 124 of the Criminal Code of Practice and the court did not err in overruling a demurrer thereto.

2. Indictment and Information—Duplicity—Housebreaking.—Because 'he property taken from the house which was broken into was de-

scribed as of the value of $20.00 or more did not render it bad for duplicity upon the ground that it also charged the common law offense of larceny, since in any event the property taken without any breaking of the house would constitute either petit or grand larceny and the same contention could be made in either event for under the statute the property taken must be of some value

3. Criminal Law—Instructions.—Neither can the defendant complain of an instruction which requires the property taken to be of the value of $20.00 or more, since in that case it was more favorable to him than he was entitled to, the offense being complete if the property taken was of any value.

4. Criminal Law—Instructions—Verdict.—The evidence examined, as set out in the opinion, and held that it was sufficient to authorize the verdict of conviction and can not be set aside as being filagrantly against the evidence.

HESTER & SEAY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS B. McGREGOR. Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On his trial in the Fulton circuit court, under an indictment charging him with housebreaking as denounced by section 1162 of the statutes, the appellant, Dee Hutchcraft, was found guilty and his punishment fixed at confinement in the state penitentiary for two years. His motion for a new trial was overruled and he appeals, urging as grounds for reversal, (1), insufficiency of the indictment; (2), error in the instructions, and (3), insufficiency of the evidence to support the verdict.

1. Under this ground it is insisted (a), that the indictment is misleading in that it does not name the offense in its accusatory part with the directness and certainty required by sections 122 and 124 of the Criminal Code of Practice; and (b) that in its charging part it alleges the offense of grand larceny in addition to the attempted one of housebreaking and it is therefore bad for duplicity. The statute says: "If any person . . . shall feloniously break any dwelling house or any part thereof, . . . and feloniously take away anything of value, although the owner or any person may not be there, he shall be confined in the penitentiary not less than two nor more than ten years." The indictment accuses appellant "of the crime of breaking into a dwelling house of C. L. Walker committed in the manner and form as follows, to-wit." It

then avers that before the finding of the indictment he did break and enter the dwelling house of Walker unlawfully and feloniously and with the felonious intent to take, steal and carry away therefrom articles of value and that he did do so, and some of the articles so taken are named in the indictment and others are stated to be unknown to the grand jury, but all of them were of the value of more than $20.00 and were the personal property of C. L. Walker and the members of his family. It is difficult to see wherein the requirements of the sections of the Criminal Code, *supra*, were not complied with. Surely it cannot be contended that the language of the indictment is not sufficient "to enable a person of common understanding to know what is intended" or that its certainty is insufficient "to enable the court to pronounce judgment, on conviction, according to the right of the case." It is also clear, according to our view, that the indictment at least substantially complies with section 124 in naming the offense charged, which is housebreaking, and the creation of which was intended to and does enlarge the power of the court to punish those guilty of offenses closely related to the common law offense of burglary but technically not coming within its definition. We are convinced that the indictment is not subject to be assailed for the reason indicated, since it was amply sufficient to inform the defendant of the offense with which he was charged, and contention (a) must be overruled. The same disposition must also be made of contention (b), since the precise point was adversely determined by this court in the cases of Farris v. Commonwealth, 90 Ky. 637, and Thomas v. Commonwealth, 150 Ky. 374, in which it was held that proof of the actual stealing of the property from the unlawfully entered building was evidence of the intent with which the entry was made.

2. The matters complained of under this ground were more favorable to the defendant than he was entitled to. The complained of instruction required the jury to believe beyond a reasonable doubt that the defendant was guilty of breaking and entering the dwelling house of Walker with the necessary felonious intent and that he did carry therefrom property of the total value of $20.00 or more, when, under the statute creating the offense, it is only necessary that property of any value should be taken. The defendant, therefore, can not complain that the court required the jury to believe, before it could convict that the value of the property he took

from the house, if any, was sufficient to constitute the crime of grand larceny. This was requiring the jury to believe more than was necessary to find him gulty and could not and did not in any manner prejudice his substantial rights.

3. The breaking and entering of the Walker residence in the town of Hickman, Kentucky, occurred on Sunday evening, March 12, 1922, between the hours of 7 and 8:20 o'clock while Mr. and Mrs. Walker were attending church. Each of them testified that when they left home at about 7 o'clock they fastened the doors and observed that the windows were down, and that when they returned at about the hour of 8:20 they found one of the windows raised and that some one had been in the house and had taken two suits of clothes belonging to Mr. Walker and which were hanging in a closet in one of the rooms and had taken some jewelry belonging to Mrs. Walker and a number of other less valuable articles were missing. Both of them testified that a certain pair of slippers belonging to Mrs. Walker was in the closet from whence the two suits of clothes had been taken. On Sunday morning, March 19, one week from the date of the breaking and entering the house, defendant carried and delivered to his wife, who was separated from him and who was living with her mother in the same town where defendant resided, a pair of ladies' slippers, which the mother-in-law the next day, or within a few days, carried and delivered to Mrs. Walker and she and her husband identified them as being the slippers which she had deposited in the closet above referred to. After that defendant was arrested, and he testified, while on the stand, that at the time of his arrest he had two suits of men's clothing in pawn with a broker in the city of St. Louis, Missouri, but he testified that they belonged to him and that he was wearing one of the suits at the trial.

Defendant admitted delivering the slippers to his wife but said that he procured them from a garage belonging to Mr. Walker at about 9 o'clock on Sunday morning, March 19, in which he had temporarily taken shelter as protection against a sudden shower of rain while he was on his way to visit his wife. He testified that he saw the slippers in a box in the garage and believing that they had been cast away as worthless he took them and that he did not get them from the Walker dwelling, nor did he break or enter it. He introduced two other witnesses who testified that they too had tem-

porarily stopped in the garage for the same purpose as did defendant, but they left before he did and did not know whether he carried the slippers away with him, though one of them testified that he saw, projecting from the top of a box, the toes of what he concluded were ladies' slippers. Defendant also testified to an alibi and proved it by one witness who was in some way related to him, and partially proved it by other witnesses, though the latter did not fix the hour of their presence with defendant with any degree of accuracy and, therefore, may have been mistaken as to the time, even if it be true that they were with him on that night. Defendant also testified that he had formerly been convicted of and served a sentence for housebreaking, which fact went to his credibility as a witness.

It will thus be seen that the positive testimony of Mr. and Mrs. Walker as to the location of the slippers is opposed only by the testimony of defendant and the witness who testified to seeing the toes of ladies' slippers in a box in the garage, even if we accept as true that he and the other witnesses testified to the truth as to their presence there. If the slippers were in the closet and not in the garage they were necessarily taken therefrom by some one and defendant's possession of them cast the burden on him to explain it consistent with his innocence. Whether his explanation was sufficient for that purpose in the light of his pawning two suits of clothes with the St. Louis broker and the impeaching of his credibility by proof of a former conviction of a felony was an issue to be determined by the jury. In the trial of criminal cases the jury is not called upon to accept as literally true the testimony of defendant and his witnesses. It has the right and it is its duty to weigh and consider all the circumstances and thereby arrive at the truth of the matter. When so done its verdict should stand unless it is palpably contrary to any natural or rational conclusion which would support it. We do not find it to be so in this case; on the contrary the testimony furnishes ample support for the conclusion that defendant obtained the slippers from the dwelling that was broken into, and if so he was rightfully convicted. To uphold this ground as being sufficient to authorize a reversal of the judgment as contended for by counsel would, if followed, compel us to reverse almost every judgment of conviction, since there is scarcely a trial of

a criminal prosecution without defendant denying the charge and testifying himself and supporting it by other witnesses to facts which, if true, would necessarily compel a verdict of acquittal.

We find no error in the record authorizing a reversal of the judgment, and it is accordingly affirmed.