### Schleeter v. Commonwealth.

(Decided January 11, 1927.)

#### Appeal from Nelson Circuit Court.

1. Burglary—Indictment Charging Burglary by Persons Breaking into Dwelling House and by Others Aiding Held Not Demurrable. —Indictment which charged forcible entry into dwelling house in nighttime to commit felony, by several persons as principals and accomplices, held not demurrable.

2. Indictment and Information—Overruling Motion for Particulars to Indictment, Charging Defendants as Principals and Accomplices Without Separate Designation, Held Not Abuse of Discretion.— Where all of defendants named in indictment were charged with burglary, some with breaking into dwelling house and others with aiding and abetting crime, names of principals and accessories being unknown, overruling motion for bill of particulars held not abuse of discretion, as accused was not deprived of any right or advantage thereby.

3. Burglary—"Burglary" May be Breaking and Entering Dwelling House at Night to Commit Felony or Assisting Another to do so.— "Burglary" may be committed either by feloniously breaking into and entering dwelling house at night with intent to commit felony therein, or by being present or near and aiding another in so entering.

4. Indictment and Information—Court in its Discretion May Order Bill of Particulars to be Furnished Accused.—In sound discretion of trial court, motion for bill of particulars may be allowed, to give defendant notice of matters which he is required to defend.

5. Criminal Law—Failure to Require Bill of Particulars Held Not Ground for Reversal Unless Abuse of Discretion.—In absence of showing of abuse of discretion, court will not reverse for failure to require bill of particulars.

6. Criminal Law—Continuance to Secure Witnesses Held Properly Denied, in View of Former Continuance and Accused's Answer of Ready at Trial.—Overruling motion for continuance to secure witnesses in burglary prosecution held not error, where case had been once continued at accused's request and accused answered ready when case was called.

7. Criminal Law—Denial of Change of Venue in Burglary Prosecution, on Ground that Accused could Not Receive Fair Trial, Held Not Abuse of Discretion, in View of Conflicting Affidavits (Kentucky Statutes, Section 1109).—Refusal of change of venue in prosecution for burglary held not abuse of discretion, where affidavits of accused that he could not have fair and impartial trial in county because of prejudice against him under Kentucky Statutes, section 1109, were subscribed to largely by nonresidents and were opposed by counter affidavits of residents.

8. Criminal Law—Refusal to Grant Change of Venue will Not be Interfered with Except for Abuse of Discretion.—Discretion of circuit court in refusing to grant change of venue will not be interfered with unless Court of Appeals is satisfied that discretion has been abused.

9. Criminal Law—In Burglary Prosecution, Testimony of Accomplices was Sufficiently Corroborated to Warrant Denial of Directed Verdict (Criminal Code of Practice, Sections 241, 242).—In prosecution for burglary, testimony of accomplices was sufficiently corroborated to warrant refusing motion for directed verdict under Criminal Code of Practice, sections 241, 242.

10. Criminal Law—Witness who Stored Whiskey Stolen by Burglars, Having no Part in Commission of Burglary, Held Not Accomplice Requiring Corroboration (Criminal Code of Practice, Sections 241, 242).—In prosecution for burglarizing house from which whiskey was stolen, witness who testified accused and others brought whiskey to his place where it was temporarily stored, not being an accessory before the fact, though possibly accessory after fact, held not accomplice so as to require charge that his testimony must be corroborated under Criminal Code of Practice, sections 241, 242.

11. Criminal Law—"Accessory Before the Fact" is One who, though Absent, Procures or Commands Another to Commit Crime.—An "accessory before the fact" is one who, being absent when crime is committed, procures, counsels, or commands another to commit crime.

12. Criminal Law—"Accessory After the Fact" is One who Harbors Felon or Assists Him to Elude Punishment, Knowing of Felony.— "Accessory after the fact" is one who, knowing a felony to have been committed, harbors felon or renders him assistance to elude punishment.

13. Criminal Law—Charge Using Singular Number Only as to Testimony of Accomplices Held Not Prejudicial, though Two Accomplices Testified (Criminal Code of Practice, Sections 241, 242.— Charge in burglary prosecution that conviction could not be had on testimony of accomplice unless corroborated by other evidence under Criminal Code of Practice, sections 241, 242, held not preju-

dicial, because omitting words "or accomplices" though two accomplices testified against defendant.

14. Witnesses—Cross-Examination of State's Witness, Not Establishing Conviction for Violating Liquor Law, Held Properly Refused (Civil Code of Practice, Section 597).—Cross-examination of state's witness as to whether he had been sent to prison for violating liquor law held properly refused, in view of Civil Code of Practice, section 597, as question did not establish conviction for felony.

15. Burglary—Evidence of Similarity Between Tire Tracks of Car Found where Accused Lived and Tracks Made by Car Used in Commission of Burglary Held Admissible.—That touring car found at house where accused lived had tires with treads similar to impression of treads left in track of one of cars which carried whiskey away from burglarized house held admissible in prosecution for burglarizing house.

16. Criminal Law—Statements of Several Defendants in Furtherance of Plan to Burglarize House Held Admissible, though Defendant on Trial was Not Present.—In prosecution of several persons for burglary, testimony as to what was said by others indicted for same crime on way to scene of burglary held competent, though accused was not shown to have been present.

17. Criminal Law—Admission of Statements of Some Defendant to Others Preparatory to Burglary Held Not Prejudicial, though Defendant on Trial was Not Present.—Where burglary had been committed by number of persons, admitting statements of what some of persons accused of same crime said in furtherance of plan to commit crime, if error, held not prejudicial, though not made in presence of defendant, where it could have played no part in defendant's conviction.

18. Criminal Law—Admitting Officer's Testimony, though he had remained Present in Courtroom After Witnesses were Excluded, Held Not Prejudicial (Civil Code of Practice, Section 601).—Admitting testimony of police officer, over objection that he had remained in courtroom during trial after witnesses had been excluded, under Civil Code of Practice, section 601, held not prejudicial, where his testimony was substantiated by other witnesses.

19. Criminal Law—Failure to Exclude Officer of Law, who was Witness, from Courtroom, Held Not Abuse of Discretion (Civil Code of Practice, Section 601).—Failure to exclude officer of law from courtroom held not abuse of sound judicial discretion, in view of Civil Code of Practice, section 601, exempting officers of court from rule excluding witnesses.

20. Burglary—Evidence Held to Sustain Conviction for Burglary.— In prosecution for burglary, evidence held to sustain conviction.

JOS SOLINGER, R. C. OLDHAM and A. W. NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, J. L. WILLIAMS, E. N. FULTON and OSSO W. STANLEY for appellee.

Opinion of the Court by Commissioner Sandidge— Affirming.

Appellant, Willard Schleeter, together with Henry King, Marion Hall, Paul Vernon, Steve Schleeter, H. E. Parrott, and John Marcum, was indicted by the grand jury of Nelson county for burglary. Upon his separate trial appellant was convicted and sentenced to six years' confinement in the state penitentiary. He prosecutes this appeal from that judgment.

The position that the demurrer to the indictment should have been sustained is not well taken. It clearly and concisely accused the persons named of the crime of burglary, and that they committed it when, with force and arms, unlawfully, willfully and feloniously they did break and enter the dwelling house of S. L. Guthrie in the nighttime with the intent to commit a felony therein, namely, grand larceny; and that one or more of them so committed the offense by actually so breaking and entering the dwelling house; and that the others so committed it by being present and so aiding and abetting them so to do, with the further allegation that as to which of them actually broke and entered the dwelling house and which of them aided and abetted was unknown to the grand jury. All of the elements of the crime were clearly and concisely charged in the indictment, and the demurrer was properly overruled.

Appellant insists that the trial court erred in overruling his motion for a bill of particulars. By the written motion filed it was sought "to require the commonwealth of Kentucky to advise the defendants and each of them in detail as to which of said defendants are to be charged with the offense set out in the indictment, and as to which of said defendants are to be charged with the offense of aiding and abetting the commission of the offense set out in the indictment." All of the defendants named in the indictment were charged with the offense of burglary. That offense may be committed either by unlawfully, willfully, feloniously and with force and arms breaking and entering a dwelling house in the nighttime with the intent to commit a felony therein or by being present and near enough to and so aiding, encouraging, assisting and abetting another so to do. It was charged by the indictment herein that all of the defendants named committed the offense charged and did so in one or the other methods mentioned, but that it was unknown to the

grand jurors which of them actually broke and entered the dwelling house and which of them aided and abetted those who did so. In the argument of this question absolutely no showing is made that appellant was deprived of any advantage that might have accrued to him if he had had advance information whether the commonwealth would attempt to establish that he was guilty of the crime charged by actually breaking and entering the dwelling house or by aiding and abetting those who did so. The rule is that where in the sound discretion of the trial court it appears that in furtherance of justice and in order to give the defendant fair notice of what he is called upon to defend, upon motion of the defendant a bill of particulars may be required, and the action of the court is subject to review. See Clary v. Commonwealth, 163 Ky. 48, 173 S. W. 171; Bailey v. Commonwealth, 130 Ky. 301, 113 S. W. 140. Unless it appears that there was a plain abuse of judicial discretion this court will not reverse for failure to require bill of particulars. Smedley v. Commonwealth, 138 Ky. 1. Such does not appear to be the case here because it is not to be perceived that, since he was charged by the indictment with having committed the crime of burglary, both as principal and as aider and abettor, and since either method of committing the crime would be so closely associated with the other that the defense necessarily would be exactly the same, appellant was deprived of any right to which he was entitled by the trial court's failure to require the commonwealth to file a bill of particulars.

Appellant insists that the trial court erred in overruling his motion for a continuance. But little need be said to this contention, as from the record it appears that when the case was first called for trial, upon appellant's motion for a continuance the case was set over for trial at a later date, and special bailiffs were appointed in order that appellant might procure the attendance of such witnesses as he disclosed he desired to have present at the trial. Upon the case being called for trial on the later date it appears from the record that both parties answered ready for trial.

Appellant's motion for a change of venue was overruled by the trial court, and it is vigorously insisted that in doing so the court abused a sound discretion. In support of his motion for a change of venue appellant filed the affidavits of 78 witnesses, each of them being a duplicate of the other, in which each of the affiants says that

he is acquainted with the general state of feeling in Nelson county relative to the crime charged, and that the general opinion is that all of the defendants are guilty and should be speedily tried and severely punished, and that it is impossible in view of the state of public feeling and opinion for the defendants to have a fair and impartial trial at the hands of a jury in Nelson county. The evidence establishes that 58 of the 78 persons whose affidavits were so filed are not residents of Nelson county. On the hearing of the motion the commonwealth introduced 17 citizens and residents of Nelson county, including many of the public officials and men from the various sections of the county, who qualified and who stated that, though the case had been considerably discussed in the county, especially about Bardstown, there was no such state of public sentiment or feeling as would prevent the defendants from receiving a fair and impartial trial at the hands of a jury in Nelson county. Section 1109, Kentucky Statutes, directs that if it appears that the defendant or the commonwealth can not have a fair trial in the county where the prosecution is pending, the judge of the circuit court shall order the trial to be had in some other adjacent county to which there is no valid objection. Construing that section of our statutes, this court has held that the discretion of the circuit court in refusing to grant a change of venue will not be interfered with unless it is satisfied that the discretion has been abused. Crockett v. Commonwealth, 100 Ky. 382, 18 Rep. 834, 38 S. W. 674; Fish v. Benton, 138 Ky. 644, 128 S. W. 1067; Hargis v. Commonwealth, 135 Ky. 578, 123 S. W. 239; Bradley v. Commonwealth, 204 Ky. 635. In view of the evidence heard by the trial court it can not be said that there was an abuse of discretion in overruling the motion. The practice of procuring the affidavits of a great number of nonresidents of the county involved to support a defendant's motion for change of venue can not be commended. The evidence from the witnesses so situated as to have a knowledge of public sentiment in Nelson county, considering the character and standing of the witnesses used pro and con herein, when considered, leaves this court with the clear opinion that it preponderates in favor of the conclusion reached by the trial court. The verdict of the jury which imposed only six years' imprisonment as appellant's punishment, when it might have under the statute imposed ten years, leads to

the conclusion that the verdict returned herein was un-influenced by any prejudice or bias or improper influences.

Consideration of the other questions presented for appellant makes a brief summary of the facts herein necessary. S. L. Guthrie, who resided at Early Times, Kentucky, about four miles from Bardstown, in Nelson county, formerly was interested in the Early Times Distillery located there. Prior to the taking effect of the prohibition amendment, the Eighteenth Amendment to the federal Constitution, he acquired approximately 400 gallons of Early Times whiskey, which he had stored in his residence and which he obtained permits to keep after the amendment went into effect. For protection he had had a concrete vault constructed in the basement of his residence and kept the whiskey stored therein. On the night of April 19, 1926, about 11:30 o'clock, someone knocked at his door and, upon opening it, he observed four men standing on his porch, one of whom pulled back his coat, displayed a badge and said: "We are prohibition agents and want to search the house." He immediately closed the door, and as he did so the four men drew guns and threatened to kill him unless he opened it. When he did so they entered and two or three of them began a search of the different rooms of the house, while one of them, who kept him covered with his gun, ascertained from him that he had a vault in the basement where he kept his whiskey stored. With the pistol pressed to his back they forced him to work the combination and open the vault door. He was then taken back to his living room and guarded by one of the men while the others carried the whiskey from the vault to three waiting automobiles. He stated that there were three of the cars and that there were seven of the men in the party, all of whom except the one who guarded him helped to carry the whiskey from the basement to the waiting cars. While there the robbers disconnected the telephone wires and put all of the automobiles owned by Mr. Guthrie out of commission. Considerable time was consumed in transporting the whiskey from the vault to the waiting automobiles, as a great deal of it was stored in small containers, and it was five minutes until two o'clock before the one who had been guarding Mr. Guthrie and his wife finally left the house. Mr. Guthrie positively identified appellant's co-defend-

ant, Paul Vernon, as the member of the armed band who guarded him and his wife while the robbery was being committed, and positively identified appellant's co-defendant, H. E. Parrott, as one of the four men who first came into the house and as the one who displayed the badge and announced that they were prohibition enforcement agents. He was unable to identify any of the rest of them. Two of appellant's co-defendants, Marion Hall and Henry King, testified for the commonwealth herein; confessed their full participation in the crime charged; stated that it was committed as Mr. Guthrie testified it was; and that appellant, Willard Schleeter, fully participated in it both in the prearrangement and in its execution. They testified that the plans for the robbery had been made beforehand; that they left Louisville after dark on the night in question with three automobiles, two Cadillac touring cars and a Marmon touring car, and drove to the home of Mr. Guthrie and waited until some friends who had called that evening left his home before committing the crime.

It is insisted for appellant that the testimony of these two co-defendants of his who, according to their own testimony, were accomplices, was not sufficiently corroborated, and that the trial court erred in not sustaining his motion for a directed verdict under the provisions of sections 241 and 242 of the Criminal Code of Practice. This contention is not well founded, however, in view of other evidence appearing in the record. The testimony of Herbert Ballard discloses that he lives in Jefferson county, Kentucky, about a mile and a half from Fern creek, and about that distance from the main road leading from Bardstown to Louisville. He testified that about 2:30 o'clock of the night in question he was awakened by defendant, Marion Hall, who is his wife's nephew; that he dressed and went outside; that there were three automobiles, two Cadillacs and a Marmon, all touring cars, loaded with whiskey, which he permitted them to store, part of it in his barn and part of it in his garage, upon their paying him $200.00 for the privilege. He identified those in the party with the whiskey, and among them positively identified appellant, Willard Schleeter. He testified fully as to the several trips made back to his place within the next day or two by the various parties in dividing and carrying away the whiskey that they stored

there that night; and testified fully as to appellant's connection with the division and transportation from his place of the whiskey that was brought there. Before all the whiskey was removed from his place part of the band had been captured, and one of them confessed, and Mr. Guthrie and others visited Herbert Ballard's home, and there Mr. Guthrie found many of the containers from which the whiskey had been emptied and a basket and other articles of the kind which he identified as his property which had been taken from his home and used by the bandits in carrying the whiskey from his basement to the automobiles.

It is insisted, however, that from the evidence herein Herbert Ballard is also an accomplice within the meaning of the section of the Code, *supra,* and that his testimony is subject to the same objection as that of King and Hall. There is no evidence which in the least tends to establish that Herbert Ballard was present or participated in any way in the commission of this offense, either as principal or as aider and abettor. Neither is there any evidence which in the least tends to establish that he was an accessory before the fact. An accessory before the fact is defined in 4 Blackstone's Commentaries 35, as "one who, being absent at the time of the crime committed, doth yet procure, counsel, or command another to commit a crime." To the same effect in other words, in 1 Wharton's Criminal Law, sec. 134, it is said: "An accessory before the fact is one who, though absent at the time of the commission of the felony, doth yet procure, counsel, command, or abet another to commit such felony." Those definitions have been adopted as authoritative by this court in numerous opinions. Able v. Commonwealth, 5 Bush, 68 Ky. 698. There is evidence tending to establish that previously his nephew, Marion Hall, had obtained Ballard's permission to store on his premises any whiskey that he might have in transit. There is a total failure of proof that he knew either that the particular crime charged in the indictment would be committed or that he procured, counselled, commanded, or abetted the commission thereof. An accessory after the fact is one "who, knowing a felony to have been committed, harbors the felon or renders him any other assistance to elude punishment." Levering v. Commonwealth, 132 Ky. 666.

The evidence herein perhaps is sufficient to establish that the witness, Herbert Ballard, was an accessory after the fact. In the opinion in the Levering case, *supra,* it was said:

> "The test, generally applied to determine whether or not one is an accomplice, is, could the person so charged be convicted as a principal, or an accessory before the fact, or an aider and abettor upon the evidence? If a judgment of conviction could be sustained, then the person may be said to be an accomplice; but, unless a judgment of conviction could be had, he is not an accomplice. Bass v. State, 37 Ala. 469; Commonwealth v. Wood, 11 Gray (Mass.) 93; 1 Am. & Eng. Ency. of L., p. 391; 12 Cyc., p. 187; Carroll v. State, 45 Ark. 539.''

The opinion in the Levering case, *supra,* deals fully with the question whether an accessory after the fact is the accomplice of those committing the crime charged, and, in view of the provisions of section 1129, Kentucky Statutes, that accessories after the fact not otherwise punished shall be guilty of high misdemeanor and fined and imprisoned in the discretion of the jury, a negative answer was given to the question. The Levering opinion deals fully with the question, and reference thereto is deemed to be sufficient. Measured by these tests long since adopted as authoritative, this court concludes that the witness, Herbert Ballard, was not the accomplice within the meaning of sections 241 and 242 of our Criminal Code of appellant and his co-defendants in the commission of the offense charged in the indictment. The court further concludes that the testimony of this witness, together with that of S. L. Guthrie, who identified as his property the whiskey not disposed of but still on the premises of that witness, and the containers and the baskets and other articles taken from his home and used by defendants in carrying the whiskey from his basement to the automobiles, found there, was sufficient corroboration of the testimony of the two accomplices who testified, for it was sufficient evidence to make it a question for the jury whether appellant participated in the crime charged, independent of the testimony of the accomplices. Hence there is no merit in any of the contentions made for appellant based upon the ground that the witness, Herbert Ballard, was the accomplice of appellant.

In accordance with the provisions of sections 241 and 242 of the Criminal Code, the trial court instructed the jury: "A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof." It is insisted that following the word "accomplice" in the instructions the words "or accomplices" should have been inserted, and that for lack of those words the instruction given was prejudicially erroneous, in view of the fact that two confessed accomplices testified against appellant herein. An excerpt from Powers v. Commonwealth, 22 Ky. Law Rep. 1807, 110 Ky. 386, 61 S. W. 745, is relied upon by appellant as authority for a reversal hereof. In the Powers case the trial court was directed upon another trial to insert the words "or accomplices" in the instruction given, but a reading of that opinion will disclose that the judgment was reversed for other errors appearing.

In Daniels v. Commonwealth, 181 Ky. 392, it was said:

"Instruction B is criticised because the court used the word 'accomplice' instead of 'accomplices.' This criticism is based upon the defendant's theory that one of the Commonwealth's chief witnesses, Cline, was an accomplice of the appellant as well as G. C. Daniels, and that the instruction referred to only one accomplice rather than two.

"This criticism, if not too trivial in fact to deserve serious consideration, is wholly without merit, because the instruction is equally applicable to the testimony of any accomplice, whether one or more than one."

Thus this court has answered in the negative the exact question here made for appellant.

While being cross-examined Henry King, one of the appellant's co-defendants, who testified for the commonwealth, was asked, "You had been sent to prison for violating the liquor law?" The court sustained the commonwealth's objection, and appellant insists that this was error. Section 597 of the Civil Code, quoted and relied upon by appellant, provides that a witness may not be impeached by evidence of particular wrongful acts, but that it may be shown that he has been convicted of a

felony. The court properly sustained this objection, because as worded the question and an affirmative answer, if such had been made, would not have established that the witness had been convicted of a felony.

In view of the evidence found herein that appellant and his co-defendants used two Cadillac touring cars and a Marmon touring car in transporting the whiskey they had stolen from the home of Mr. Guthrie to that of the witness, Herbert Ballard, it was competent to admit the evidence that a large Cadillac touring car, with tires having treads similar to the impression of the treads found in the tracks of one of the cars that carried the whiskey from Guthrie's home, was found at the home of the mother of appellant, Willard Schleeter, where he lived. It was a circumstance, though slight, tending to connect appellant with the commission of this offense.

Appellant's objection to the testimony of the witness, Henry King, one of his co-defendants, as to what was said by some of the defendants at a point where the three automobiles stopped on the way from Louisville before they reached the home of Mr. Guthrie and before the crime was committed, as incompetent because it was not shown that appellant was present, cannot be sustained. Where a number of persons are shown to have agreed and conspired to commit a crime anything said by any of them in furtherance of the conspiracy before its consummation is competent against all of them. It may be said further that this as well as the other testimony objected to was trivial and unimportant and could have played no part in the conviction of appellant, and if erroneous could not be held to be prejudicial.

In rebuttal R. W. Haviland contradicted a statement made by appellant while on the witness stand, and his testimony was admitted over appellant's objection, that he had remained in the courtroom during the trial after the witnesses had been excluded under the provisions of section 601 of the Civil Code of Practice. The court overruled the objection for the reason that Mr. Haviland was an officer of the law and exempted from the provisions of section 601. That section expressly provides: "But this rule shall not apply to the parties to the action or the officers of the court." The cases are numerous, as may be ascertained from the notes appended to that section, holding that the question of excluding witnesses from the courtroom is left to the exercise of a sound

judicial discretion.    Other witnesses against whom the
objection that they had remained in the courtroom could
not be urged also contradicted appellant upon the same
question, and if the exception quoted had not exempted
Mr. Haviland from the operation of the rule the action
of the trial court could not be held to have operated to
the prejudice of appellant.

Our review of this record leads to the conclusion that
the learned trial judge scrupulously guarded appellant's
rights upon the trial below.    It was for the jury that tried
him to say whether he was guilty or innocent.    That the
jury was actuated by no bias, prejudice or improper in-
fluence is attested by the verdict returned imposing less
punishment than might have been given.    The evidence
is sufficient to sustain the verdict returned; in fact, as we
view it, preponderates in favor of the guilt rather than
the innocence of appellant; and, since no errors prejudi-
cial to his substantial rights may be found in the record,
the judgment can only be affirmed.

Judgment affirmed.