## Maiden et al. v. Commonwealth.

(Decided March 14, 1933.)

M. G. COLSON for appellants.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

The appellants were convicted under section 1162 of the Kentucky Statutes of the offense of dwelling

housebreaking and sentenced to serve two years in the penitentiary. This appeal results.

In August, 1931, Newt Miracle, who lived alone in a little boxed house near Chenoa in Bell county, was arrested by the federal authorities for violating the prohibition law. The evidence satisfactorily discloses that he was very angry at being "turned up" and expressed a determination to get even with those who had betrayed him. The prohibition officers testify that he accused the appellants with having turned him up, although he denies this. The appellant Alex Maiden had married Miracle's niece, and a little while before Miracle's arrest, being without funds, they had been living with Miracle.

For the commonwealth it was shown that on the afternoon of Miracle's arrest, Alex Maiden met Johnnie Miracle, a nephew of Newt Miracle, and proposed to him that they go over to the home of Newt Miracle and get his meal and canned goods, inasmuch as it was highly probable that old man Newt Miracle would be sent to the penitentiary for violating the prohibition act and it would be some time before he would need meal or canned goods. Johnnie Miracle refused to do this. The next day, which was Sunday, P. Miracle and Brady Miracle, two other nephews of Newt Miracle, went over to the latter's house between 8 and 9 o'clock in the morning to feed his dog. As they approached the house, they saw the appellants run out of it by way of the back door and disappear over the mountain. They then went around to the back door and found that entrance had been gained into the house, which had been closed up and locked, by the staple being pulled out and the padlock thus detached. The commonwealth showed that about $15 worth of meal and canned goods had been taken from the house.

The appellants testified that they lived some four or five miles away from Newt Miracle's house. They admit that between 7:30 and 8 o'clock on the Sunday morning in question they were out walking around and within three-quarters of a mile of Newt Miracle's home looking for a dog. They abandoned their search of the dog and determined to go over to a baptizing at a church on Clear creek some six miles away from Newt Miracle's house. There is an abundance of testimony to establish that they were present at a baptizing that

took place that morning in the creek near the church, but the testimony as to when the baptizing took place is far from satisfactory. Some witnesses place the hour about 9:30, others around 11 o'clock, and there is one witness for the appellants who testified that they came to his house after 11 o'clock, stayed awhile, and then left to go to the baptizing. If the baptizing took place as late as this, then there was ample time for the appellants to have been seen at Newt Miracle's home around 8:30 or 9 o'clock, and yet be present at the baptizing later on that day.

As grounds for reversal, the appellants first insist that the indictment is defective. They offer no specific criticism of it, contenting themselves with the general observation that it is defective. The exact form of this indictment was approved in Hutchcraft v. Commonwealth, 195 Ky. 591, 242 S. W. 580, and there is no merit in this contention of the appellants.

They next argue that the verdict is flagrantly against the evidence, but our statement of it above discloses the lack of merit in this contention.

Lastly it is insisted that the appellants were entitled to a bill of particulars. Their motion for the bill of particulars is not in the record and we are not informed even by brief as to what particulars appellants desired. The rule is that unless it appears that there was a plain abuse of judicial discretion, this court will not reverse for failure to require a bill of particulars. Schleeter v. Commonwealth, 218 Ky. 72, 290 S. W. 1075, and cases cited therein. Thus it devolves on the appellants to establish by the record that the lower court abused its sound discretion in refusing to grant them a bill of particulars. The record being silent as to what particulars the appellants desired, it is impossible to say whether the trial court abused its sound discretion in overruling appellants' motion or not. The presumption is that it did not, and the burden is on the appellants to establish by the record that it did. This the appellants have failed to do.

No error appearing prejudicial to the substantial rights of the appelllants, the judgment is affirmed.