Willard JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 22, 1957.

Rehearing Denied June 21, 1957.

**586**

Edwin W. Paul, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Appellant, Willard Johnson, was convicted of armed robbery and his punishment was fixed at life imprisonment. In seeking to reverse the judgment he insists the court erred: 1. In the admission and rejection of evidence; 2. in permitting improper argument by the Commonwealth Attorney; 3. in instructing the jury.

Willard and three companions, William Johnson, Lee Alva Dunn and Tony White, had been drinking at Gay's Tavern in Louisville on Saturday night, February 4, 1956. Around midnight the four of them got into William Johnson's car, drove six or seven miles to Hudson's Filling Station and at gun point robbed it and immediately drove back to the Tavern. Willard drove the car and during the holdup did not leave the driver's seat.

Officer Wilkerson was near the Tavern and the radio on his car picked up an account of the robbery and a description of the car used therein. Immediately after Wilkerson received this radio message, Willard and his accomplices drove up and Wilkerson recognized the car and its occupants. He arrested one of the culprits but Willard and the other two escaped. However, the officer recognized Willard and he was arrested a few hours later at a home where he was spending the night.

Willard was drinking at the time of his arrest and readily confessed his guilt to the officers on the way to the police station. His confession was reduced to writing by the police and Willard signed it. He does not contend the confession was obtained by threats or by "sweating" but complains he was drunk when he signed it; that he was not informed by the officers of his constitutional rights and the officers promised him "probated time" if he would confess the crime. The officers taking the confession denied making any promise of leniency to Willard if he would confess, and they testified the confession was given them freely and voluntarily by Willard, and they told him to read the typed confession which included a paragraph reciting it would be used against him. The signed confession of Willard admitted his participation in the crime but stated he would not have taken part in the robbery had he not been drinking.

The trial judge after hearing testimony out of the presence of the jury held the confession was freely and voluntarily made by Willard and admitted it in evidence. Under KRS 422.110 the question of the admissibility of a confession is one for the court. But after it is once admitted, the accused may introduce testimony attacking the credibility of his confession, and the credibility then becomes a question for the jury. See Karl v. Com., Ky., 288 S.W.2d 628, at page 633, for a full discussion of the question.

There is no merit in Willard's contention that the court erred in refusing to let him read his affidavit as to what the absent witness Spaulding would state as to Willard being an honest man. Willard made no motion for a continuance, nor did he make any attempt to comply with Criminal Code of Practice, § 189, but announced ready for trial when his case was called. Therefore, the court properly refused to let the affidavit of Willard be read as to what the absent witness Spaulding would state were he present in Court. Fulton v. Com., Ky., 294 S.W.2d 89.

The testimony of the accomplice, Tony White, was properly admitted and the court correctly instructed under § 241 of the Criminal Code of Practice that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect accused with the commission of the offense.

We cannot take appellant's complaint seriously that he was prejudiced when the Assistant Commonwealth Attorney in his closing argument referred to defense counsel as being arrogant. While the prosecutor in his argument may not vilify the accused, or his attorney, he may comment in a reasonable manner on how counsel for the defense conducts himself during the course of the trial.

The prosecutor in his argument referred to defendant as to having deserted his wife and children and as to his having a criminal record. Such statements would have been improper had not defense counsel in his argument asked the jury instead of convicting Willard to let him return to his wife and two little children. Then when appellant put on a character witness the prosecutor on cross-examination asked this witness if he had heard of Willard being charged with certain other crimes. Willard's attorney in argument referred to him, "As not being a felon. He hasn't been in a Georgia case." The improper argument of the prosecutor was in response to what had been said by defense counsel.

We have been reluctant to reverse a judgment of conviction for an improper argument by the prosecutor when made in response to an argument in which defense counsel went outside the record. Norton v. Com., 196 Ky. 90, 244 S.W. 310, at page 314; Williams v. Com., 254 Ky. 647, 72 S.W.2d 31, at page 33. Furthermore, Willard's guilt is so overwhelmingly established by the evidence it is to be doubted if the improper argument by the prosecutor could have prejudiced Willard's substantial rights. Lotheridge v. Com., 260 Ky. 500, 86 S.W.2d 278.

Another argument of the prosecuting attorney of which complaint is made is this, "They don't think you have the guts to convict." While this argument is not couched in elegant or refined language, we cannot say that it is improper. It too, was made in response to defense counsel's statement that the jury would not give a death penalty in an armed robbery case.

It is insisted that because the sixth instruction in defining an accomplice as distinguished from a principal, misspelled the latter word and used "principle", the jurors thereby were confused. Such argument is so devoid of merit we will not consume time and space necessary to discuss it.

In the fourth instruction the court properly told the jury if Willard by reason

of drinking or drunkenness was in such mental condition that he did not know what he was doing, or the nature of his acts, and by reason of drunkenness was not capable of forming a felonious intent of robbing his victim, then to find him not guilty. This is the approved instruction in this character of case where accused must have a felonious intent before he can be convicted of the crime with which he is charged. Stanley's Instructions to Juries, § 848, p. 1123.

We find no error in the record prejudicial to appellant's substantial rights and the judgment is affirmed.