Hanis HENSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 6, 1958.

T. T. Burchell, Manchester, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Upon trial under an indictment for murder, Hanis Henson was found guilty of voluntary manslaughter and given a 21-year sentence. He appeals, asserting numerous grounds of error.

The evidence for the Commonwealth was that Forrester Grubb, Dennis Gray and Henson were riding in an automobile, with Grubb driving, Gray in the right front seat, and Henson in the back seat. Without provocation or warning, Henson leaned over and cut Gray's throat with a hawk bill knife.

Henson denied cutting Gray, claimed that he had never possessed a hawk bill knife, and asserted that he was left-handed and therefore could not have cut Gray's throat from left to right, as the wound indicated was done. However, Henson gave as his main reason for denying the cutting, that he "wasn't capable on that day of doing harm," because he was too drunk. He was unable to recall the events that took place around the time of the killing.

■ Although there were some discrepancies in the evidence for the Commonwealth, it clearly was sufficient to sustain the verdict.

■ The court instructed on murder and on voluntary homicide. The appellant maintains that he should have had an instruction on lesser degrees of homicide, and on voluntary drunkenness. The appellant's voluntary drunkenness would not have entitled him to an acquittal, but could only have the effect of reducing his crime from murder to voluntary manslaughter, which latter offense was included in the instructions given. Therefore the court did not err in failing to give a specific instruction on drunkenness. Richardson v. Com., 284 Ky. 319, 144 S.W.2d 492; Chism v. Com., 286 Ky. 314, 150 S.W.2d 694; Nelson v. Com., 297 Ky. 189, 179 S.W.2d 445.

■ Henson was represented on the trial by two attorneys appointed by the court, but is represented on this appeal by a different attorney. He contends that since the trial attorneys were appointed only two days before the trial, they did not have adequate time in which to prepare a defense. This contention is without merit, because no motion for a continuance was made, and the two trial attorneys announced ready and did not even suggest to the court that more time was needed. Furthermore, the record shows that one of the trial attorneys had appeared with Henson at his arraignment some four weeks before the trial, and thus had some familiarity with the case.

A separation of the witnesses was had upon the trial. It is asserted that the Commonwealth's attorney violated the separation by entering the witness room during the trial and asking the witnesses questions concerning the identification of a knife. It is unnecessary for us to decide whether this would have been prejudicial error, had it taken place, because the record shows only that the Commonwealth's attorney at some unidentified time talked with the witnesses in the witness room. There is nothing to show that this happened after the trial had begun and the separation had been ordered.

■ As part of his motion and grounds for a new trial, the appellant filed his affidavit concerning newspaper and ra-

dio statements about the case allegedly made before and during the trial. One statement was a quotation of the victim's alleged outcry, when cut, that "O Lord he is killing me," and the other was a comment that the case was the worst one in Clay County's history. As concerns the effect of the statements published *before* trial, no motion for a change of venue was made, and since the record does not show the voir dire examination, it may be presumed that the possibility that the statements could have influenced the jurors was dissipated on the examination. As concerns the statements published *during* the trial, there is no showing that the jurors heard or read these statements. The verdict, under the evidence, does not indicate passion or prejudice. We find no merit in this claim of error.

Other contentions made by the appellant are captious, and do not require comment.

The judgment is affirmed.