**Logan JACKSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 2, 1969.

Joe W. Johnson, Fulton, for appellant.

John B. Breckinridge, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, L. M. Tipton Reed, Mayfield, for appellee.

EDWARD P. HILL, Judge.

This appeal is from a conviction of voluntary manslaughter in which appellant's punishment was fixed at twenty-one years in prison. He here contends he was entitled to an instruction on drunkenness "as affecting" his mental condition at the time of the killing and that under the facts of the case an instruction on murder and voluntary manslaughter was improper.

First, we discuss the facts of the case. The deceased, George Francis, arrived at the home of his friends, Bill and Irene Glidewell, on the evening of November 12, 1967, and brought three one-half pints of whiskey with him and, according to Mr. and Mrs. Glidewell, appeared to be "pretty tight." The deceased spent the night in the Glidewell home without incident. The next morning, November 13, the deceased and the Glidewells consumed the remainder of the three one-half pints of whiskey. Later that same morning, appearing in a "drunken condition," the appellant came to the Glidewell home, and the four of them purchased and drank an additional pint of whiskey. (Throughout the complete transcript of evidence, the parties and various witnesses all testified that the four of them, i. e., the deceased, Mr. and Mrs. Glidewell, and the appellant appeared to be in a drunken condition.)

Later that same morning, the appellant and the Glidewells went to town to look for appellant's dogs. More drink was consumed. They returned to the Glidewell home at about 5 p.m. (The deceased did not leave the Glidewell home at any time.) The appellant started to take his guns into the house. The Glidewells requested that he not do so, but he took them in anyway. After reaching the bedroom where the deceased was lying on the bed, in the middle of a conversation among the deceased, the appellant, and Mr. Glidewell, the appellant fired two shots at the deceased. One of the shots was fatal.

The Glidewells testified that the appellant and the deceased did not know each

other until they were introduced that morning. They further testified that there was no argument or quarrel between the two.

Appellant's testimony is that he was so drunk he knew absolutely nothing about what transpired that day; that he did not remember leaving the Glidewell home, repairing his car, and driving to a friend's house to spend the night; that the next morning some friends told him the police were looking for him; and that he called Mr. Glidewell allegedly to find out what had happened, and upon being so informed, turned himself in to the police.

Finally, Mr. Glidewell testified that he thought the shooting was an "accident." Mrs. Glidewell similarly testified that she thought the shooting was an accident, but she was not in the room when the shooting occurred. The appellant testified: "It could have been an accident. I don't know. I'm as blank as blank could be."

Appellant made no objection to the instructions when given by the court. The only objection ever made to the instructions was in his motion and grounds for a new trial, wherein appellant stated: "The court erred in failing to give all the law in his instructions to the jury." The order ruling on the motion and grounds for a new trial recited that the "court had a hearing" and "the court being advised" overruled said motion.

There is a serious question as to whether appellant properly objected to the instructions so as to preserve that question for appellate review. We bypass that question, however, since we conclude defendant received all the advantages he could have received had the instruction contended for been given.

Now to appellant's contention he was entitled to an instruction on drunkenness "as affecting" his mental condition at the time of the killing.

In Henson v. Commonwealth, Ky., 314 S.W.2d 197, this court declared that voluntary drunkenness at the time the crime was committed can only have the effect of reducing the crime of murder to voluntary manslaughter.

Appellant was convicted of voluntary manslaughter, not murder. Therefore, appellant received at the hands of the jury all he could have received had the court given an instruction on drunkenness. See Johnson v. Commonwealth, Ky., 302 S.W. 2d 585, and Hazel v. Commonwealth, Ky., 371 S.W.2d 635.

In appellant's other argument he maintains that all the evidence points to an accidental shooting and that, therefore, the court should not have instructed on murder and voluntary manslaughter. The jury was instructed on accidental killing, and it chose not to believe appellant and his two companions. There were two shots fired. It is most unusual that a man would accidentally discharge a gun twice in rapid succession. The jury was not bound to believe the evidence on which appellant relies to establish an accidental killing. The jury was warranted in concluding from the circumstances that the act of appellant was not accidental but intentional. It must be remembered that "dead men tell no tales." See Hutchcraft v. Commonwealth, 195 Ky. 591, 242 S.W. 580, and Begley v. Commonwealth, 176 Ky. 796, 197 S.W. 448.

The judgment is affirmed.

All concur.