**Archie JOHNSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 24, 1969.

Louis V. Mangrum, Mayfield, for appellant.

John B. Breckinridge, Atty. Gen., William O. Gilbreath, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

Appellant was found guilty by a jury and was given four years in prison for breaking and entering into the One-Hour Cleaners and Laundry in Mayfield, Kentucky. The main stream of his defense is that he was too drunk to know what he was doing. Drawn in by the main stream are some claimed trial errors, which will be discussed later.

On February 10, 1968, at about 12:40 a. m., appellant was seen by a member of the Mayfield Fire Department inside the building in question. The fireman reported this to the police, who caught appellant "red handed" standing at the open cash register from which a cash drawer and small metal change box had been removed and placed on the floor. Appellant ran into the boiler room and attempted to hide himself on the floor behind some boxes. The glass in a rear door had been broken, and the door was unlocked from the inside.

Appellant was escorted to the police station in Mayfield where he told the officers where he worked; that he was a civil rights worker and wanted to call a civil rights worker in Washington, D. C. At his trial appellant said he could remember drinking with a number of friends, but could remember nothing until he landed in jail. He contends he was too drunk to entertain the necessary element of intent required by KRS 433.190.

■ We gather from appellant's evidence that his claimed intoxication was voluntary, which is no defense or excuse for his crime (Slone v. Commonwealth, 238 Ky. 727, 38 S.W.2d 709) but may be shown by the defendant to reduce the offense from a higher to a lower degree or in mitigation of punishment. (Morris v. Commonwealth, 255 Ky. 276, 73 S.W.2d 1, and Henson v. Commonwealth, Ky., 314 S.W.2d 197.)

In the present case, the jury was instructed on appellant's claimed intoxication. In fact, the instruction was more favorable to appellant than he was entitled to under our cases. The instruction authorized the jury to find appellant "not guilty" in event it found appellant incapable by reason of intoxication of entertaining the intent necessary to constitute the alleged crime.

■ The jury obviously found that appellant was not as intoxicated as he pretended on his trial. The jury's finding in this respect has abundant support in the evidence. A number of witnesses introduced by the Commonwealth testified appellant was not intoxicated. Two of appellant's acquaintances, who were in jail when appellant was imprisoned, testified he was intoxicated, as did appellant's girl friend. Thus an issue of fact was presented to the jury and was resolved adversely to appellant by it.

Quoted herewith is appellant's first argument that trial error was committed:

"The trial court committed prejudicial error and denied appellant a fair trial in denying appellant's Motion to Declare a Mistrial and Dismiss the Jury after appellee's counsel asked appellant if he was active in civil liberties considering one of the presidential candidates had been showing looting and burning in his political advertisements as the appellant was a negro being tried by an all white jury."

Appellant was asked questions pertaining to appellant's acts and conduct while in the police station, obviously for the purpose of testing his sobriety, among which was this question:

Q. "Have you written any letters to Doan and Civil Liberties Union or J. Edgar Hoover since you have been in jail?

A. "Yes."

■ Previous to the above question and answer, appellant had testified extensively in regard to his efforts to obtain a Washington, D. C., attorney. The above question was on the same subject and related to testing appellant's memory and establishing his conduct while waiting in the police station, all of which was competent on the question whether appellant was intoxicated at the time he was caught. Appellant also includes in this argument a left-handed theory that since "one of the presidential candidates had been showing looting and burning in his political advertisements" and he (appellant), a Negro, was being tried by "an all white jury," he could not obtain a fair trial. We consider this a "far-fetched," unmeritorious argument.

■ Appellant next urges error was committed by the trial court in not sustaining his objection to argument of the Commonwealth's Attorney which insisted the jury not "let the officer down" and convict the appellant. Without further burdening this opinion by copying the language of the Commonwealth's Attorney, we simply say we find nothing unfair in the argument of the Commonwealth's Attorney. See Kirk v. Commonwealth, 247 Ky. 666, 57

S.W.2d 658, and Sarver v. Commonwealth, Ky., 425 S.W.2d 565 (1968).

It seems to this court that appellant was afforded a fair and impartial trial, free of error, and that the jury was fully justified from the evidence in convicting the appellant and fixing his punishment at four times the minimum under the statute.

The judgment is affirmed.

All concur.