Chester BARNES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 6, 1970.

**608**

J. T. Hatcher, Elizabethtown, for appellant.

John Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

The appellant, Chester Barnes, an unmarried man in his fifties, was indicted for murder and was convicted of voluntary manslaughter—the killing of his brother, Roy Barnes, with a pistol shot. He was sentenced to serve twenty-one years in the penitentiary.

Chester and Roy had been on a rather extensive alcoholic binge before the killing which occurred about two o'clock in the morning, just a short time after Chester had awakened a neighbor in order to offer him a drink, which the neighbor refused. With Roy driving the car, his sixteen-year-old son, Kenneth, next to him, and Chester to the right of Kenneth, they

had proceeded a couple hundred yards down the road where they stopped and where the shooting took place.

The evidence for the prosecution came principally from Kenneth. His testimony indicates that the conversation between Roy and Chester was rather trivial at the start, but gradually became bellicose with Chester threatening to kill Roy and Roy getting out of the car saying, "I am going to find out how bad you really are." Roy went around to the back of the car and the shooting took place as he approached Chester on the other side of the car. Kenneth managed to wrest the pistol from Chester then shot him as Chester advanced on him despite a warning not to advance further. In the meantime, the wounded Roy had gone around the car and fallen into the back seat. Kenneth helped Chester into the car, put the pistol and the remaining whiskey under the seat, and immediately sped to the hospital in Elizabethtown.

Chester testified that Kenneth had shot both Roy and himself and that he (Chester) had not shot the pistol at all. He claimed Kenneth had seen the pistol several hours before, had tried to buy it from him, that he refused to sell it, and surmised that Kenneth had gotten possession of the weapon at Chester's trailer home. Kenneth denied that he had possession of the pistol until he wrested it from Chester. Kenneth also testified that he had had just one beer and no whiskey during the prolonged binge of his father and uncle. A number of cartridges, such as the ones in the pistol, were taken from Chester's pocket at the hospital.

Chester was represented by appointed counsel at the trial and because neither the court nor appointed counsel could recall whether Chester had been told of his right to appeal his conviction, the trial court authorized this belated appeal. Because trial counsel felt that a conflict of interest might develop between Chester and him, he re-

quested the court to excuse him from representing Chester on appeal and the court obligingly appointed other counsel to handle the appeal.

 Appellant's counsel has filed a printed brief asserting several reasons for reversing the conviction. No objection was made at the trial to a state policeman's recounting what Kenneth told him at the hospital the night of the shooting. The officer's testimony was essentially what Kenneth testified to on the witness stand. Counsel contends that the officer's testimony was prejudicial in all likelihood because the jury probably was impressed by the fact that the officer was a member of the state police. Since no objection to the testimony was made, it of course has not been preserved for appellate review, Patrick v. Commonwealth, Ky., 436 S.W.2d 69 (1968), but, in any event, we do not believe the officer's testimony was prejudicial since Kenneth told the same story on the witness stand and was subject to cross-examination.

There was no objection made to the instructions during the trial and after our careful examination of them, we can find nothing objectionable. Furthermore, there was no basis for giving an involuntary manslaughter instruction as contended for by the appellant because his act was an intentional use of a deadly weapon. Vinson v. Commonwealth, Ky., 412 S.W.2d 565 (1967). It was proper not to give an instruction on drunkenness because Chester denied the killing, denied he shot Roy, but claimed that Kenneth did. In such circumstances, the voluntary manslaughter instruction adequately covered the situation, for an instruction on drunkenness could have had only the same effect—reduction of murder to voluntary manslaughter. Jackson v. Commonwealth, Ky., 441 S.W.2d 145 (1969); Henson v. Commonwealth, Ky., 314 S.W.2d 197 (1941). Since the appellant testified as he did, it certainly was not necessary to give an accomplice instruction.

We appreciate the conscientious representation afforded the appellant by appointed counsel both at trial and on appeal.

The judgment is affirmed.

All concur.

NEIKIRK, J., not sitting.